Cory R. Laird
Lindsay A. Mullineaux
Riley M. Wavra
LAIRD COWLEY, PLLC
2315 McDonald Avenue, Suite 220
Missoula, MT 59801
P.O. Box 4066
Missoula, MT 59806-4066
Telephone:  (406) 541-7400
Facsimile:  (406) 541-7414
Email:       claird@lairdcowley.com
             lmullineaux@lairdcowley.com
             rwavra@lairdcowley.com

Mark M. Kovacich
Ben A. Snipes
Caelan G. Brady
KOVACICH SNIPES JOHNSON PC
21 3rd Street North, Suite 301
Great Falls, MT 59401
Telephone:  (406) 500-5000
Email:       mark@justicemt.com
             ben@justicemt.com
             caelan@justicemt.com

Attorneys for Plaintiffs and Putative Class

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFF BECK, individually; AMY WEINBERG, individually; ZAC WEINBERG, individually; ALTA VIEWS, LLC; RIVERVIEW COMPANY, LLC; and on behalf of a class of similarly situated persons and entities,<br><br>        Plaintiffs,<br><br>   vs. | CV 22-44-M-KLD<br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

CITY OF WHITEFISH, a Montana
governmental entity, and DOES 1-10,

       Defendants.

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .......................................................................... 3

EXHIBIT INDEX ......................................................................................... 5

PROPOSED CLASS DEFINITION ............................................................. 7

PROPOSED CLASS CLAIMS AND ISSUES ............................................. 7

INTRODUCTION ......................................................................................... 8

FACTUAL BACKGROUND ........................................................................ 9

ARGUMENT .............................................................................................. 11

   I.   The Putative Class's claims satisfy all Rule 23 requirements ........ 11

   A.   The claims satisfy Rule 23(a)'s numerosity, commonality,
       typicality, and adequate representation requirements ..................... 12

   1.   The Putative Class is so numerous that joinder of all
       members is impractical .................................................................... 12

   2.   The Putative Class enjoys common questions of law and fact ....... 14

   3.   Plaintiffs' claims and the City's defenses are typical of
       the Putative Class ........................................................................... 17

   4.   Plaintiffs will fairly and adequately protect the interests of the
       Putative Class ................................................................................. 20

   B.   The claims satisfy Rule 23(b)(3) .................................................... 21

Page

    1.   Common questions of law and fact predominate over
any questions affecting individual Putative Class members ........... 21

    2.   Class action is superior to all other available methods
for fairly and efficiently adjudicating this controversy ................... 22

   II.  Appointment of Plaintiffs' counsel of record as class
counsel is proper under Rule 23(g) ................................................. 24

CONCLUSION ............................................................................................. 25

CERTIFICATE OF COMPLIANCE ............................................................ 26

## TABLE OF AUTHORITIES

**Cases:**

*A.B. v. Hawaii State Dept. of Ed.*,
    30 F.4th 828 (9th Cir. 2022) ............................................................... 13

*Alexander v. JBC Legal Group, P.C.*,
    237 F.R.D. 628 (D. Mont. 2006) ................................................... 13, 22

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
    568 U.S. 455 (2013) ...................................................................... 14, 15

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ............................................................. 11, 12, 21

*Blackie v. Barrack*,
    524 F.2d 891 (9th Cir. 1975) ................................................................. 9

*Burton v. Mountain West Farm Bureau Mut. Ins. Co.*,
    214 F.R.D. 598 (D. Mont. 2003) ..................................................... 9, 13

*Byorth v. USAA Cas. Ins. Co.*,
    333 F.R.D. 519 (D. Mont. 2019) ......................................................... 9

Page

*Castillo v. Bank of Am., NA,*
    980 F.3d 723 (9th Cir. 2020) ............................................................ 14

*Chief Goes Out v. Missoula Cty.*,
    2013 WL 139938, *4 (D. Mont. 2013)............................................... 12

*Crawford v. Honig,*
    37 F.3d 485 (9th Cir. 1994) ............................................................... 11

*Dow v. Safeco Ins. Co. of Am.,*
    2021 WL 2187288, *2 (D. Mont. 2021)............................................ 13

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez,*
    431 U.S. 395 (1977)........................................................................... 20

*Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n,*
    446 U.S. 318 (1980)........................................................................... 12

*Gen. Tel. Co. of the Sw. v. Falcon,*
    457 U.S. 147 (1982)...................................................................... 14, 20

*Green v. Occidental Petroleum Corp.,*
    541 F.2d 1335 (9th Cir. 1976) ........................................................... 12

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ...................................................... 17, 18

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ....................................................... 17, 18

*Jama v. State Farm Fire and Cas. Co.,*
    339 F.R.D. 255 (W.D. Wash. 2021) ............................................. 23, 24

*J.D. v. Azar,*
    925 F.3d 1291 (D.C. Cir. 2019)......................................................... 13

*Just Film, Inc. v. Buono,*
    847 F.3d 1108 (9th Cir. 2017) ...................................................... 15, 18

Page

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) .............................................................. 22

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997) ........................................................ 11, 12

*Northstar Fin. Adv. Inc. v. Schwab Invest.*,
    779 F.3d 1036 (9th Cir. 2015) ............................................................ 24

*Owino v. CoreCivic, Inc.*,
    36 F.4th 839 (9th Cir. 2022) .................................................. 14, 15, 16

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ........................................................ 14, 17

*Radcliffe v. Hernandez*,
    818 F.3d 537 (9th Cir. 2016) ............................................................ 24

*Rannis v. Recchia*,
    380 Fed. App'x 646 (9th Cir. 2010) ................................................... 13

*Schlesinger v. Reservists Comm. to Stop the War*,
    418 U.S. 208 (1974)............................................................................ 20

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010).......................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).......................................................................... 14

*Zinser v. Accufix Res. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) .......................................................... 23

**Rules:**

Fed. R. Civ. P. 23 ................................. 7, 8, 11, 12, 14, 17, 20, 21, 23, 24, 25

<u>Page</u>

**Statutes:**

Mont. Code Ann. § 7-6-1603 ......................................................................... 19

## <u>EXHIBIT INDEX</u>

1    Resolution No. 18-44 of the City Council of the City
     of Whitefish, Montana, dated November 19, 2019....................... 10, 16

2    Resolution No. 19-15 of the City Council of the City
     of Whitefish, Montana, dated July 15, 2019 ................................. 10, 16

3    List of persons or entities identified as having been
     assessed and having paid impact fees for water and/or
     wastewater services in Whitefish, Montana between
     January 1, 2019 and September 30, 2022 ..................................... 11, 13

Plaintiffs Jeff Beck, Amy Weinberg, Zac Weinberg, Alta Views, LLC, and Riverview Company, LLC ("Plaintiffs") submit this brief in support of their class certification motion.  For the reasons stated herein, Plaintiffs respectfully request that this Court issue an order:  (1) certifying the above-captioned matter as a class action; (2) defining the class; (3) defining the class claims and issues; and (4) appointing counsel of record for Plaintiffs as class counsel.  *See* Fed. R. Civ. P. 23(c)(1)(B), (g)(1).

## PROPOSED CLASS DEFINITION

As outlined in their motion, Plaintiffs ask the Court to define the class as follows ("Putative Class"):

> All persons or entities who paid impact fees for water and wastewater services to Defendant City of Whitefish ("the City") from January 1, 2019 to the present.

> Excluded from this Putative Class are past and present City officials and

employees from January 1, 2019 to the present; Mayors and City Council members, past and present, from January 1, 2019 to the present; the Judge assigned to this case and her staff; all counsel in this matter; and the immediate family members of the same.

## PROPOSED CLASS CLAIMS AND ISSUES

As outlined in their motion, Plaintiffs also ask the Court to define the class claims and issues as follows:

All claims advanced in Plaintiffs' Complaint involving the City's allegedly unlawful assessment of impact fees for water and wastewater services from January 1, 2019 to the present.

## INTRODUCTION

This case is properly prosecuted as a class action. Specifically, as explained in detail below, Plaintiffs satisfy the numerosity, commonality, typicality, and adequacy requirements imposed by Rule 23(a), and the criteria enumerated by Rule 23(b)(3) is established in this case. As such, class certification is warranted.

Plaintiffs' lawsuit revolves entirely around the City's unlawful assessment of water and wastewater impact fees from January 1, 2019 to the present. A determination regarding the legality of the water and wastewater impact fees charged by the City since January 1, 2019 will entirely resolve this case. The issues of fact and law necessary to adjudicate this central question are common to every member of the Putative Class. Plaintiffs have not advanced any atypical claims, and, if Plaintiffs' allegations are true, the City is liable to every individual or entity that has been assessed impact fees since January 1, 2019. At this juncture, Plaintiffs believe the Putative Class comprises well over Three Hundred Fifty (350) individuals and entities. Joinder of each of these individuals or entities is impracticable, and Plaintiffs are well positioned to fairly and adequately protect the interests of the Putative Class.

Predictably, the City opposes class certification.  That is because the City
will gain a significant advantage if the Putative Class is not certified.  As with most
class actions, the class claims lack adequate monetary incentive for individuals to
separately pursue them.  Ironically, if every member of the Putative Class were to
bring a separate action advancing the claims at issue in this case, the City would
undoubtedly move to consolidate the actions in an effort to minimize litigation
costs.  By opposing class certification, the City attempts to escape liability for a
substantial number of persons harmed, hoping that each aggrieved individual will
elect not to pursue a claim because the amounts recoverable by each are
insufficient to justify individual, piecemeal litigation.

In that event, the City would realize a windfall as a consequence of its
unlawful conduct.  Perhaps more troubling, denial of class certification could
incentivize the City and other similarly situated municipalities to engage in the
same or similar conduct as that complained of in this case.

## FACTUAL BACKGROUND[1]

Since 2007, the City charged and continues to charge impact fees on new
development, remodels, and renovations within city limits.  (Doc. 18 at 2.)  In fact,

---

[1] For purposes of this class certification motion, this Court is "bound to take the substantive allegations of the complaint as true".  *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975); *see also Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 608 (D. Mont. 2003).  Allegations in the complaint regarding the propriety of class certification, however, must be established by "a preponderance of the evidence".  *Byorth v. USAA Cas. Ins. Co.*, 333 F.R.D. 519, 525 (D. Mont. 2019).

the issuance of building permits necessary to carry out development is conditioned on the payment of any assessed impact fees. (*Id.*) On November 19, 2018, the City Council enacted Resolution No. 18-44, which established new impact fee rates for water and wastewater services in the City. (Resolution No. 18-44, attached hereto as Exhibit 1.) On July 15, 2019, the City Council passed and adopted Resolution No. 19-15, which further increased impact fee rates. (Resolution No. 19-15, attached hereto as Exhibit 2.)

In calculating impact fee rates under Resolutions Nos. 18-44 and 19-15 (collectively, "Resolutions"), the City disregarded evidence of the actual impacts on water and wastewater utility services posed by any specific project and, instead, utilized phantom, ineligible, and otherwise improperly calculated future public utility projects. (*See* Doc. 1 at 6–14.) The City even assessed impact fees for projects not involving any increase in water fixture units or any other aspect of development impacting or increasing service demand on water and wastewater facilities. (*Id.* at 14.) Accordingly, the City's assessment of impact fees greatly exceeds the actual impacts developments, renovations, and remodels have on its water and wastewater service facilities. (*Id.* at 6.) By conditioning grants of building permits on the payment of excessive impact fees—grossly disproportionate to the actual impacts—the City has violated the Putative Class's legal and constitutional rights.

The City's unconstitutional and unlawful conduct caused and continues to cause widespread injury.  At least Three Hundred Fifty (350) separate individuals or entities have paid unlawfully excessive water and/or wastewater impact fees imposed and assessed by the City under the Resolutions over the period relevant to Plaintiffs' claims—January 1, 2019 to the present.  (*See* Aff. Caelan Brady, at ¶¶ 4–6, Nov. 29, 2022; Impact Fee Payees, attached hereto as Exhibit 3.)

## ARGUMENT

**I.      The Putative Class's claims satisfy all Rule 23 requirements.**

"Class action suits are representative suits brought on behalf of groups of persons who are similarly situated but who may or may not be parties to the suit." *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).  Rule 23 governs class action procedure within the federal system.  By its terms, Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."  *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).  "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights[;] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."  *Amchem Prods., Inc. v.*

*Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109

F.3d 338, 344 (7th Cir. 1997)).

To be certified as a class action, a lawsuit must satisfy the requirements of

Rule 23(a) and at least one of the requirements of Rule 23(b).  *Green v. Occidental*

*Petroleum Corp.*, 541 F.2d 1335, 1339 (9th Cir. 1976).  Plaintiffs and the Putative

Class have satisfied the applicable requirements in this case.

### A.    The claims satisfy Rule 23(a)'s numerosity, commonality, typicality, and adequate representation requirements.

Rule 23(a) outlines four (4) prerequisite conditions for class actions:

numerosity, commonality, typicality, and adequacy.  *Windsor*, 521 U.S. at 613.

The Putative Class claims satisfy each as discussed herein.

### 1.    The Putative Class is so numerous that joinder of all members is impractical.

Rule 23(a)'s numerosity requirement is satisfied when "the class is so

numerous that joinder of all members is impracticable".  Fed. R. Civ. P. 23(a)(1).

"The numerosity requirement [under Rule 23(a)(1)] requires examination of the

specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of*

*the Nw., Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980).

Instead, this Court must be driven by "simple common sense when determining

whether a class size meets the numerosity requirements." *Chief Goes Out v.*

*Missoula Cty.*, 2013 WL 139938, *4 (D. Mont. 2013).  Generally, it is the law of

this District that a proposed class "constitut[ing] at least 100 to 150 people . . . is sufficient to demonstrate numerosity under Rule 23(a)(1)." *Burton*, 214 F.R.D. at 608; *see also Dow v. Safeco Ins. Co. of Am.*, 2021 WL 2187288, *2 (D. Mont. 2021); *Alexander v. JBC Legal Group, P.C.*, 237 F.R.D. 628, 631 (D. Mont. 2006). Ninth Circuit precedent establishes a similar guideline. *See Rannis v. Recchia*, 380 Fed. App'x 646, 651–52 (9th Cir. 2010).

Copies of building permits produced by the City in discovery reveal at least Three Hundred Fifty (350) separate persons or entities who have paid impact fees for water and wastewater services between January 1, 2019 and September 30, 2022. (Ex. 3.) Plaintiffs' claims allege the City unconstitutionally and unlawfully injured *all* of these persons and entities. This means that the Putative Class is at least three and a half (3.5) times the One Hundred (100) member threshold this Court has accepted as sufficient to demonstrate numerosity.

Joinder of all Putative Class members is impractical. *See A. B. v. Hawaii State Dept. of Ed.*, 30 F.4th 828, 835–37 (9th Cir. 2022). Future Class members—those who will pay impact fees under the City's currently unconstitutional framework—will increase the Putative Class size even more, which only "weighs in favor of impracticability of joinder" of every class member. *Id.* at 838 (citing *J.D. v. Azar*, 925 F.3d 1291, 1322 (D.C. Cir. 2019)). Thus, the Putative Class easily satisfies the numerosity requirement.

## 2.    The Putative Class enjoys common questions of law and fact.

Rule 23(a) requires that class actions involve "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Rule 23(a)(2)'s commonality requirement obligates named plaintiffs to demonstrate that class members "have suffered the same injury."  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982).  In other words, the class must share a common contention "of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the [class members'] claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  "Commonality is necessarily established where there is a class-wide policy to which all class members are subjected."  *Owino v. CoreCivic, Inc.*, 36 F.4th 839, 845 (9th Cir. 2022) (citing *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014)).  When multiple policies are in place over a period relevant to a proposed class, commonality is not defeated if each policy applied uniformly to all class members and there remains a common question central to all policies.  *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020).

A common contention need not be one that "will be answered, on the merits, in favor of the class," just one that is capable of being answered.  *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).  Thus, any "[m]erits questions may be considered to the extent—but only to the extent—that they are

relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* Although courts do not decide cases on the merits at the class certification stage of litigation, in evaluating commonality, courts often look at whether damages are capable of measurement on a class-wide basis if the plaintiffs were to prevail on the merits. *E.g.*, *Owino*, 36 F.4th at 848.

Damages are capable of measurement on a class-wide basis, despite variations in class members' individual damage amounts, when all class members "suffered damages traceable to the same injurious course of conduct underlying the plaintiffs' legal theory." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017). For example, in *Owino*, individuals incarcerated in private immigration detention facilities filed suit against the for-profit corporate owner/operator of the facilities, alleging these facilities forced them to perform labor against their will and without adequate compensation. 36 F.4th at 842. Even though each detainee's hours of forced labor varied, the Ninth Circuit affirmed a district court finding of commonality and determined damages were measurable on a class-wide basis where, despite variations in individual amounts, the representative plaintiffs claimed the proposed class member detainees had all been misclassified as volunteers, rather than employees; each class members' alleged damages stemmed from the facility operator's actions in failing to pay a wage; and sufficiently

reliable representation or statistical evidence could be used to ultimately establish hours that each class member had worked. *Id.* at 848.

In this matter, Plaintiffs' claims center on two (2) class-wide policies to which all Putative Class members have been or will be subjected. Specific to the relevant time period—January 1, 2019 to the present—the City has applied or will apply at least one (1) of the Resolutions to all Putative Class members when assessing the impact fees at issue in this case. Resolution No. 18-44 governed the City's assessment of impact fees from January 1, 2019 to August 31, 2019. (Ex. 1 at 2.) Resolution No. 19-15 has governed the City's assessment of impact fees since September 1, 2019. (Ex. 2 at 2.) The City charged building permit applicants impact fees as reflected in the tables of "Exhibit A" to both Resolutions. (Ex. 1 at 3-4; Ex. 2 at 3-4.) Although the City charges fees based on a number of different factors specific to individual developments, it has, under both Resolutions, employed a uniform, non-discretionary method in calculating water and wastewater impact fees. The Putative Class's claims all arise from these unconstitutional, illegal, and consistent fee calculations.

Plaintiffs' Complaint alleges the methods the City used to calculate impact fees has been unlawful since the City first effectuated Resolution No. 18-44. (Doc. 1 at 4–14.) The contention common to the entire Putative Class boils down to a single question—whether the City has been charging building permit applicants

unlawful water and wastewater impact fees since January 1, 2019. Adjudication of this common contention will resolve the issue central to every Putative Class member's claim, thus satisfying Rule 23(a)(2)'s commonality requirement.

The fact that members of the Putative Class paid divergent amounts in impact fees is of no consequence. Although it is true these differences will result in variations in Putative Class members' individual damages, such damages are still capable of measurement on a class-wide basis. All Putative Class members have suffered the same injury, all resulting from the City's unconstitutional, unreasonable, uniform, and unlawful impact fees. The Court can resolve the common contention class-wide by determining the legality of the City's impact fees. Accordingly, the commonality requirement is satisfied.

### 3. Plaintiffs' claims and the City's defenses are typical of the Putative Class.

Rule 23(a)'s typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claims are "typical" within the meaning of Rule 23(a)(3) if they are "reasonably coextensive with those of absent class members," although "they need not be substantially identical." *Parsons*, 754 F.3d at 685 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs,

and whether other class members have been injured by the same course of conduct.'"  *Id.* (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  "Typicality focuses on the class representative's claim[s]—but not the specific facts from which the claim[s] arose—and ensures that the interest of the class representative 'aligns with the interests of the class.'"  *Buono*, 847 F.3d at 1116 (quoting *Hanon*, 976 F.2d at 508).

Here, Plaintiffs' claims are not only reasonably coextensive with those of the Putative Class.  They are substantively identical.  Again, Plaintiffs' claims revolve around the class-wide policies the City has used and continues to use to unlawfully assess impact fees.  In other words, the City's course of conduct in establishing and applying the Resolutions to all building permit applicants is the focal point of both Plaintiffs' and the Putative Class's claims.  In this way, Plaintiffs' claims are not unique nor atypical but rather a mirror image of any claims advanced by the Putative Class.

Typicality is not defeated due to defenses advanced by the City that may be unique to any specific Plaintiff.  First, Plaintiffs are not subject to any unique defenses relating to property ownership.  Plaintiffs—just like every other Putative Class member—owned the property they paid water and wastewater impact fees for <u>at the time</u> the City assessed them.  Now, the City has publicly taken the position that Plaintiffs and other Putative Class members are not entitled to refunds

of water or wastewater impact fees they paid if they no longer own the property[2]—an assertion the City did not raise as an affirmative defense in its Amended Answer.  The City's argument directly conflicts with Montana law and offends due process.

If impact fees charged by a local government are not collected or spent lawfully, Montana Code Annotated § 7-6-1603(1)(c) requires "any impact fees that were collected . . . be refunded to the person who owned the property at the time that the refund was due."  Refunds for fees exceeding lawful amounts are due *when the fees are collected*, whether or not the refund is actually paid at that time.  Thus, under Montana law, the only consideration relevant to this matter is whether the City assessed Plaintiffs and the Putative Class unlawfully excessive impact fees to develop properties they owned.  Whether a Plaintiff or Putative Class member sold or retained the property since paying such fees is immaterial.  Further, damage offset defenses the City might have, if any, against individual Plaintiffs can be addressed in an individual damage calculation.  These defenses have no bearing on typicality—class certification is not precluded because there are variations in the Putative Class members' damage amounts, particularly where all members'

---

[2] *See* Heidi Desch, *Class-action suit alleges Whitefish's impact fees unlawful*, Daily Inter Lake, Mar. 16, 2022.

damages are calculable in the same manner, by comparing what they actually paid to what they should have legally paid.

Plaintiffs and the Putative Class members have identical injuries, and this action is designed to remedy those injuries. As such, the typicality requirement is satisfied.

### 4. Plaintiffs will fairly and adequately protect the interests of the Putative Class.

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4)'s adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. *See Falcon*, 457 U.S. at 157-58, n. 13. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)). No adequacy problems exist in this case.

Plaintiffs are all part of the Putative Class. "Plaintiffs Alta Views, LLC, and Riverview Company, LLC, are limited liability companies *that applied for building permits in the City of Whitefish and were charged impact fees for water and wastewater services*." (Doc. 18 at 2 (emphasis added).) "Plaintiffs Jeff Beck, . . . Amy Weinberg, and Zac Weinberg are individuals *who applied for building permits in the City and were charged impact fees for water and wastewater*

*services*." (*Id.* (emphasis added).)  The exclusions from the Putative Class outlined

above ensure the named Plaintiffs are not in conflict with the Putative Class they

seek to represent.  As discussed extensively herein, Plaintiffs advance the same

interests and have suffered the same injury as the Putative Class members.

Plaintiffs' attorneys, as proposed Class counsel, are well-versed in the rules

governing class-action and complex litigation regarding discovery, certification,

and settlement.  Accordingly, the adequacy requirement is satisfied.

### B.    The claims satisfy Rule 23(b)(3).

Rule 23(b) authorizes the maintenance of a class action when:  (1)

"questions of law or fact common to class members predominate over any

questions affecting only individual members;" and (2) "a class action is superior to

other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b)(3).  Courts generally refer to these requirements as

predominance and superiority.  The claims in this case satisfy both.

### 1.    Common questions of law and fact predominate over any questions affecting individual Putative Class members.

The focus of the predominance inquiry under Rule 23(b)(3) is whether the

proposed class is "sufficiently cohesive to warrant adjudication by representation."

*Windsor*, 521 U.S. at 623.  As addressed above, the common question across the

Putative Class drives all of Plaintiffs' claims and asks whether the City has been

charging unreasonable, unlawful, and unconstitutional impact fees since January 1,

2019.  This common question predominates over any questions affecting individual Putative Class members.  Accordingly, the Class is sufficiently cohesive to warrant adjudication by Plaintiffs' representation and the predominance requirement of Rule 23(b)(3) is satisfied.

>### 2.      Class action is superior to all other available methods for fairly and efficiently adjudicating this controversy.

"[A] trial court's determination concerning the superiority of class action procedure is an area in which that court has wide discretion." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  Among the factors that courts may consider is whether numerous individual actions would be expensive or time-consuming and whether there is a risk of conflicting decisions as to persons similarly situated if actions are adjudicated on an individual basis.  *Id.*  This Court has previously determined that class action was the superior means of adjudication when many class members would not have the monetary incentive to individually litigate their rights, many class members probably did not know their rights were being violated, and class action was the most efficient means of addressing class members' rights.  *Alexander v. JBC Legal Group, P.C.*, 237 F.R.D. 628, 632 (D. Mont. 2006).

In this matter, class action adjudication is the most fair and efficient method for adjudicating this controversy.  Numerous individual actions by Putative Class members would be unreasonably expensive and time-consuming and contravene

judicial economy.  Such individual actions would create a substantial risk of conflicting decisions as to Putative Class members similarly situated.  The prospect of obtaining a relatively small recovery does not provide an adequate monetary incentive to individually litigate the rights of many members of the Putative Class. Many Putative Class members likely do not even know their rights were violated—absent a class action, some members will likely suffer the City's violations of law without remedy or recourse.

The factors outlined in Rule 23(b)(3)(A)-(D) confirm class-action superiority.  The first factor, which involves "the interest of each member in individually controlling the prosecution or defense of separate actions," is satisfied because, as explained above, the "damages suffered by each putative class member are not" particularly large. *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001).  The second factor which is concerned with parallel litigation is not at issue, because Plaintiffs are not aware of—and the City has not identified—any litigation advancing the same claims brought in this action.  *See Jama v. State Farm Fire and Cas. Co.*, 339 F.R.D. 255, 273 (W.D. Wash. 2021); (Doc. 19 at 17.) The third factor—involving "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" weighs heavily in favor of class certification because this case involves a uniform challenge to the City's "common practice" of unlawfully assessing impact fees. *Id.; Zinser*, 253 F.3d at 1191–92.

Finally, "there are no obvious difficulties in managing" the claims at issue on a class wide basis. *Jama*, 339 F.R.D. at 273. Accordingly, class action is superior to all other available methods for fairly and efficiently adjudicating this controversy, and Rule 23(b)(3)'s superiority requirement is satisfied.

## II.    Appointment of Plaintiffs' counsel of record as class counsel is proper under Rule 23(g).

Generally, when this Court certifies a class action, it "must appoint class counsel." Fed. R. Civ. P. 23(g). Rule 23(g) establishes "discrete standards for the appointment of class counsel" and requires the Court to consider "the work counsel has done in identifying claims, counsel's experience in such matters, counsel's knowledge of the applicable law, and the resources that counsel will commit to representation." *Northstar Fin. Adv. Inc. v. Schwab Invest.*, 779 F.3d 1036, 1047–48 (9th Cir. 2015). The preeminent concern is class counsel's "ability to fairly and adequately represent the interests of the class," and the Court may also consider "any other matter" pertinent to that concern when appointing class counsel. *Radcliffe v. Hernandez*, 818 F.3d 537, 547–48 (9th Cir. 2016). All of the foregoing considerations weigh in favor of appointing Plaintiffs' counsel of record as class counsel in this case.

First, Plaintiffs' counsel has taken on the laboring oar in identifying the claims available to the Putative Class. Second, Mr. Kovacich and Mr. Laird are seasoned trial attorneys capable of adequately prosecuting a class action. Third, all

of Plaintiffs' counsel of record are aware of the applicable law and are readily able to commit the necessary resources to this litigation.  Finally, there are no other concerns regarding Plaintiffs' counsel that would indicate an inability to fairly and adequately represent the interests of the Putative Class.  Consequently, in its class certification order, this Court should appoint Plaintiffs' counsel of record as class counsel in this case, pursuant to Rule 23(g).

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' class certification motion and issue an order:  (1) certifying this case as a class action; (2) defining the class as outlined above and in Plaintiffs' motion; (3) defining the class claims and issues as outline above and in Plaintiffs' motion; and (4) appointing counsel of record for Plaintiffs in this case as class counsel.

DATED this 30th day of November, 2022.

LAIRD COWLEY, PLLC

By: /s/ Cory R. Laird
        Attorneys for Plaintiffs and
        Putative Class

KOVACICH SNIPES JOHNSON PC

By: /s/ Mark M. Kovacich
        Attorneys for Plaintiffs and
        Putative Class

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed in a proportionally spaced Times New Roman text typeface of 14 points; is double spaced; and word count calculated by Word Version 2210 is 5253, excluding the caption, the Table of Contents, the Table of Authorities, the Exhibit Index, and this Certificate of Compliance.

DATED this 30th day of November, 2022.

LAIRD COWLEY, PLLC

By:  /s/ Cory R. Laird
      Attorneys for Plaintiffs and
      Putative Class

KOVACICH SNIPES JOHNSON PC

By:  /s/ Mark M. Kovacich
      Attorneys for Plaintiffs and
      Putative Class