Mark M. Kovacich
Caelan G. Brady
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com
caelan@justicemt.com

Cory R. Laird
Lindsay A. Mullineaux
Riley M. Wavra
LAIRD COWLEY, PLLC
P.O. Box 4066
Missoula, MT 59806
(406) 541-7400
claird@lairdcowley.com
lmullineaux@lairdcowley.com
rwavra@lairdcowley.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| JEFF BECK, individually; et al., | ) CAUSE NO. CV-22-44-DLC-KLD |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **PLAINTIFFS' UNOPPOSED** |
| ) | **MOTION TO ADOPT PROPOSED** |
| CITY OF WHITEFISH, a Montana ) | **CLASS NOTICE AND** |
| municipality; and DOES 1-50, ) | **PROCEDURES** |
| ) | |
| Defendants. ) | |
| _____ ) | |

|  |  |
|---|---|
| CITY OF WHITEFISH, a Montana municipality, | ) ) ) |
|  | ) |
| Third-Party Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| FINANCIAL CONSULTING SOLUTIONS GROUP, INC., | ) ) |
|  | ) |
| Third-Party Defendant. | ) |

_____

COME NOW Plaintiffs/Class Representatives Jeff Beck, Amy and Zac Weinberg, and Alta Views, LLC, and move this Court to adopt their proposed class notice and opt out procedures for conducting this action.

On September 29, 2023, this Court granted Plaintiffs' Motion for Class Certification and certified a class in this action under Rule 23(b)(3), F.R.Civ.P. ("Rule"), of "All persons or entities who bore the cost of impact fees for water and wastewater services to the City of Whitefish from January 1, 2019." (Doc. 121 at 48). Accordingly, under Rule 23(c)(2)(B) the Court is to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Plaintiffs have developed the following class notice and procedure mechanisms and respectfully request the Court adopt them in directing class notice and adjudicating this matter as a class

action. In developing this proposal, Plaintiffs have been mindful to adhere to the guidelines of Rule 23 and due process considerations.

Pursuant to Local Rule 7.1(c)(1), Plaintiffs' counsel have contacted counsel for Defendant/Third-Party Plaintiff, City of Whitefish (the "City"), and Third-Party Defendant, Financial Consulting Solutions Group, Inc. ("FCS"), regarding this motion and both parties indicated they do not object to this motion. A proposed order is submitted contemporaneously herewith.

## CLASS NOTICE AND PROCEDURES

### I.  CLOSE OF THE CLASS

On October 16, 2023, the Whitefish City Council voted to enact Whitefish Resolution No. 23-34 which, effective January 1, 2024, sets new impact fee rates in the City of Whitefish–including new rates for water and wastewater impact fees. These new rates are based on a new report, purporting to be a "service area report pursuant to § 7-6-1602(2)(k)(iv), MCA," that was finalized on August 21, 2023, and authored by a different impact fee consultant than FCS. Whitefish Resolution No. 23-34, attached hereto as Exhibit 1.

Plaintiffs' claims in this lawsuit are based upon Whitefish Resolutions No. 18-44 and 19-15 which were enacted based on the "Impact Fee Update" FCS authored and issued on August 7, 2018, and the "Addendum to 'Impact Fee Update'" City staff authored and issued on November 6, 2018. Plaintiffs' claims, Resolutions No. 18-44

and 19-15, and the reports upon which the Resolutions were based form the basis of the Court's decision to grant class certification in this action. Accordingly, when the new impact fee rates take effect in Whitefish on January 1, 2024, building permit applicants will no longer pay the fee rates that have been challenged as unconstitutional and unlawful in the present action. Effectively, the Class will close to entry of new members when the last person pays the City's water and/or wastewater impact fees under the rates set by Resolution No. 19-15, which is set to expire after December 31, 2023.

## II.   ASCERTAINING FINAL CLASS INFORMATION

Plaintiffs' First Discovery Requests to the City includes requests for the City to identify all building permit applicants it charged impact fees for water and/or wastewater services from January 1, 2019, to the present and to identify the project type, fixture counts, and meter sizes for each proposed development. In responding to these requests, the City has provided Plaintiffs with the building application materials and building permits issued for the developments upon which it has levied water and/or wastewater impact fees. This includes information on: (1) what each applicant paid in impact fees; (2) the date the fees were paid; (3) the address of each property for which fees were paid; (4) the size of water meter required by the City for the development; and (5) the planned fixture counts used by the City to determine impact fee charges for each property.

As of the filing of this motion, the latest supplementation from the City in response to Plaintiffs' requests included properties for which impact fees were assessed and collected up to May 15, 2023. Pursuant to Rule 26(e), the City has an ongoing duty to supplement disclosures or responses in a timely manner. Accordingly, upon the effective close of the Class to entry of new members after December 31, 2023, Plaintiffs will request the City provide a final round of supplementation of these materials within fourteen (14) days so Plaintiffs will have the requested information for every property implicated by the Class claims and issues.

## III. PROVIDING NOTICE AND AN OPT-OUT PROCEDURE

Under Rule 23(c)(2)(B), notice to members of any class certified under Rule 23(b)(3) must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

This notice may be made by United States mail, electronic means, or other appropriate means.  Rule 23(c)(2)(B), F.R.Civ.P.

Plaintiffs propose that notice in this class action primarily be accomplished by United States mail and electronic mail directly to all members whose mailing address and/or email address can be identified through reasonable effort.  Notice will be supplemented by weekly publications in local newspapers and a class action website providing case information and a repository of filings and orders issued.

A.   **Class Action Notice Letter**

Within fourteen (14) days of the Court's approval/adoption of this notice procedure, Plaintiffs will send out the proposed Class Action Notice Letter, attached hereto as Exhibit 2, by United States mail and electronic mail directly to all members whose mailing address and/or email address can be identified through reasonable effort.  The Class Action Notice Letter meets the requirements of Rule 23(c)(2)(B) and, importantly, provides for an opt-out procedure by which individuals may request exclusion from the Class and any judgment/settlement reached in this action.  Class members who wish to exclude themselves must complete and submit an Opt Out Form, attached hereto as Exhibit 3, by electronic means or by hard copy to Plaintiffs' counsel by a certain date.  The date by which an individual must opt out of the Class will be sixty (60) days from the date the letters are sent out to the Class members.  Hard copies of the Opt Out Form and a Claim Information Form for Class members

to provide/confirm information with respect to their individual claims, attached hereto as Exhibit 4, will be provided with the Class Action Notice Letter as enclosures/attachments.

Reasonable means are available to Class counsel to obtain the information necessary to direct individual notice to Class members. From discovery materials, the names of the owners of the properties for which impact fees were paid under the rates challenged in this action are readily ascertainable for nearly every Class member. Some Class members continue to own properties for which they paid impact fees, while others have sold the properties. However, for each Class member, Plaintiffs will obtain a last known mailing address from Flathead County property records or, for companies, from a business entity information search in the state the company is registered. Plaintiffs will also obtain a last known email address for each Class member from the building permit application materials submitted by the City in discovery. Most, if not all, of the permit applications provided by the City contain the mailing address, email address, and phone number of the property owner at the time the application was submitted.

### B. Class Action Notice Publication

Class notice will be supplemented by weekly publication of the proposed Class Action Notice Publication, attached hereto as Exhibit 5, in the Whitefish Pilot and Daily Inter Lake-newspapers published for circulation in Whitefish, Montana, and the

surrounding area. Publication will commence the same week the Class Action Notice Letter is disseminated and will terminate the week of the deadline for members to opt out of the Class.

### C. Class Action Website

A website will be established and maintained by the Class counsel to: (1) inform Class members what this action is about and why they have been determined to be members of the class; (2) provide important information and notice about the process and deadlines for asserting claims; (3) make it easier for Class members to file an electronic Opt Out Form or Claim Information Form; and (4) provide Class members with updates on the litigation proceedings and a repository of important filings and orders issued in this action. The general website content and information/notice provided will contain the same language and wording as the Class Action Notice Letter reflected in Exhibit 2, which has been reviewed by the other parties.

Visitors to the website will be able to access, complete, and submit an Opt Out Form or a Claim Information Form, submit questions to the Class counsel, and track the status of litigation by accessing important filings and orders. The website will include a disclaimer that it was created by and is managed by the Class counsel alone. The website will only be made public after the Court's approval/adoption of the notice procedure and at the same time the Notice Letters are sent out.

**PLAINTIFFS' UNOPPOSED MOTION TO ADOPT PROPOSED CLASS NOTICE AND PROCEDURES - 8**

## IV. OBTAINING NECESSARY CLAIM INFORMATION

Almost all information necessary to evaluate each Class member's claim is within records kept by the City and provided to Plaintiffs in discovery. The primary purpose of the Claim Information Form that Class members who do not opt out are encouraged to complete is for Class counsel to obtain the best contact information for each Class member so Class members can receive updates on the lawsuit and to ensure Class counsel can easily contact a Class member if more information is required of them. For a Class member to ultimately receive any refund or settlement recovery obtained, it is expected that he or she will need to at least provide an up-to-date mailing address where a check can be sent. However, a procedure for remitting overcharge refunds or settlement funds can be developed and implemented when judgment or settlement is obtained, and an individual who does not opt out of the Class but also does not immediately provide claim information will still remain a potential Class member until they fail to adhere to the final claim processing/payment procedure.

Now, for a number of properties where the City's printed receipt displays no name or the name of a third party such as a contractor, architect, or engineer instead of the property owner, the City has represented that its records are insufficient to show whether the property owner or a third party bore the cost of the water and wastewater impact fees paid to it. For these properties, Plaintiffs will utilize contact

information provided by potential Class members in Claim Information Forms or in the building permit applications to contact the property owners and obtain proof of whether or not the property owner actually bore the cost of the City's impact fees by paying the City directly or by paying a third party who, in turn, delivered payment to the City in handling the permit process on behalf of the property owner.  However, while Plaintiffs will begin this process as early as possible to determine whether these certain property owners can properly be considered Class members harmed by potential overcharges, this process will have no bearing on the initial notice and opt-out procedures.

## V.     GENERAL PROCEDURE

- Since the Court granted class certification, it is Plaintiffs' understanding that the City has directed potential Class members who have requested information on matters related to this class action to Class counsel.  Plaintiffs and Class counsel request that the City continue this practice over the course of the remaining litigation.

- Class counsel will maintain a record of all members that opt out of the Class and all claim information submitted to them.  Within fourteen (14) days after the deadline for potential Class members to opt out of the Class, Plaintiffs will file a list of all individuals who chose to opt out of the Class and a list of all the identifiable remaining potential Class members with the Court.

**PLAINTIFFS' UNOPPOSED MOTION TO ADOPT PROPOSED CLASS NOTICE AND PROCEDURES - 10**

- Upon Court adoption/approval of a Class notice procedure, Class counsel will work together with the other parties' counsel to resolve any disagreements arising in the course of providing such notice that is not directly addressed or answered by the adopted procedure. If the parties are unable to resolve any disagreement, they shall petition and apprise the Court of the issue and the Court will have the ultimate authority to decide the issue.

## VI.  SUMMARY OF SCHEDULE

**Class Closes:**                                   January 1, 2024

**City Provides Final Class Discovery:**    Within 14 days of Class closing

**Class Notice (Letter/Publication/Website):**  Within 14 days of Court approval

**Opt-Out Deadline:**                         60 days from Class Notice issuance

**Plaintiffs File Class Member List:**       Within 14 days of Opt-Out deadline

## EXHIBIT LIST

**Exhibit 1**……………………………….Whitefish Resolution 23-34
**Exhibit 2**…………………………….....Class Action Notice Letter
**Exhibit 3**……………………………...……………....Opt Out Form
**Exhibit 4**…………………………………..Claim Information Form
**Exhibit 5**…………………………...Class Action Notice Publication

## CONCLUSION

Plaintiffs have developed the foregoing Class notice and procedure mechanisms and respectfully request the Court adopt them in directing Class notice and adjudicating this matter as a Class action.

**PLAINTIFFS' UNOPPOSED MOTION TO ADOPT PROPOSED CLASS NOTICE AND PROCEDURES - 11**

DATED this 12th day of December, 2023.

        KOVACICH SNIPES JOHNSON, P.C.
        and
        LAIRD COWLEY, PLLC

BY:    /s/ Mark M. Kovacich
        Mark M. Kovacich
        P.O. Box 2325
        Great Falls, MT  59403
        Attorneys for Plaintiffs and
        Putative Class