Mark M. Kovacich
Caelan G. Brady
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com
caelan@justicemt.com

Cory R. Laird
Lindsay A. Mullineaux
Riley M. Wavra
LAIRD COWLEY, PLLC
P.O. Box 4066
Missoula, MT  59806
(406) 541-7400
claird@lairdcowley.com
lmullineaux@lairdcowley.com
rwavra@lairdcowley.com

*Attorneys for Plaintiffs and Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFF BECK, individually; AMY WEINBERG, individually; ZAC WEINBERG, individually; ALTA VIEWS, LLC, individually; and on behalf of a class of similarly situated persons and entities,<br><br>      Plaintiffs,<br><br>    vs.<br><br>CITY OF WHITEFISH, a Montana municipality, and DOES 1-10,<br><br>      Defendants. | CV-2022-44-M-KLD<br><br>**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL** |

1

CITY OF WHITEFISH, a Montana municipality,

  Third-Party Plaintiff,

 vs.

FINANCIAL CONSULTING SOLUTIONS GROUP, INC.,

  Third-Party Defendant.

## INTRODUCTION

  The parties have reached a settlement in this case. Through an unopposed motion for preliminary approval of class settlement, Plaintiffs request that, among other things, the Court: (1) enter an order preliminarily approving the terms set forth in the stipulated Settlement Agreement and Release (the "Settlement Agreement"); (2) direct that Class Counsel effectuate notice to the affected class; and (3) set this matter for a final fairness hearing, to occur at least eighty (80) days following preliminary approval of the Settlement Agreement.

## STANDARD

  Federal Rule of Civil Procedure 23(e) requires court approval of any class settlement. There is a "strong judicial policy that favors settlements" in class actions. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (citation omitted). This Court must ultimately determine whether the settlement reached in this case is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The purpose of Rule 23(e) is to protect the unnamed members of the class from

2

unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). In reviewing class settlements, courts employ a two-step process, including: (1) determining whether the proposed class settlement deserves preliminary approval; and (2) then determining whether final approval is warranted after hearing objections from affected class members and conducting a fairness hearing. *Burton v. Trinity Universal Ins. Co.*, No. CV 14-242-M-DWM, 2015 WL 11090362, at *2 (D. Mont. Nov. 17, 2015). This Motion currently focuses on the first inquiry and, for the reasons stated herein, preliminary approval should be granted.

## DISCUSSION

"At the preliminary approval stage, courts assess whether a class exists, consider a number of factors for approval, and then direct notice to the class and schedule a final fairness hearing." *Id.* "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In reviewing settlement proposals, courts do not "have the ability to delete, modify, or substitute certain provisions"—"[t]he settlement must stand or fall in its entirety." *Id.* (internal quotation marks omitted).

**A.    Class Certification**

On September 29, 2023, upon lengthy analysis of Plaintiffs' Motion for

Class Certification (Doc. 39) and the class certification requirements of Rule 23(a) and 23(b)(3), the Court certified a class defined as "All persons or entities who bore the cost of impact fees for water and wastewater services to the City of Whitefish from January 1, 2019 to the present." (Doc. 121 at 48). The Court appointed Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel. (Doc. 121 at 47).

From the City's impact fee records and Flathead County property records, Class Counsel identified potential class members to which notice of the class action was directed, pursuant to the notice procedure proposed by Plaintiffs and ordered by the Court. (Doc. 127; Doc. 128). In accordance with Rule 23(c)(2)(B), the notice clearly and concisely stated in plain language: (1) the nature of this action; (2) the class definition; (3) the class claims, issues, and defenses; (4) that any class member may appear through their own attorney, if they so choose; (5) that the Court will exclude any potential class member who requests exclusion by submitting an opt out to Class Counsel; and (6) that a final judgment, whether favorable to the Class or against it, would be binding on all class members who do not opt out.

Per the parties' proposal, the class to be certified in judgment (the "Settlement Class") would be those identified from the impact fee and property records as falling under the class defined in the Court's September 29, 2023

certification order who were notified, either directly or by publication, in January 2024 of this class action and their opportunity to be excluded from it and did not request exclusion during the initial notice and opt-out period (the "Settlement Class Members"). At the class certification and initial notice stage, these Settlement Class Members received "the best notice that is practicable under the circumstances, including individual notice to all members who [were] identified through reasonable effort" by "United States mail, electronic means, [and] other appropriate means." *See* Fed. R. Civ. P. 23(c)(2)(B). Each Settlement Class Member was informed of "the binding effect of a class judgment on members" and given a full and fair opportunity to request exclusion from the class during the opt-out period. *See id.* The Settlement Class excludes those persons and companies that ultimately chose to opt out. Accordingly, as stipulated to and proposed by the parties, the Court would be able to certify the Settlement Class for purposes of judgment in accordance with Rule 23 and due process considerations.

B.   **Preliminary Fairness Determination**

The factors to be considered in preliminary approval of a class action settlement agreement are whether the settlement:

> (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.

*Burton*, 2015 WL 11090362, at *3 (quoting *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014)).

### 1. The Settlement Process

After engaging in discovery, wherein the parties cumulatively produced over 50,000 pages of documents, conducted several depositions, and exchanged expert reports, and upon completion of thorough briefing at the summary judgment stage, the parties engaged in mediation on April 29, 2024, with United States Magistrate Judge John T. Johnston.  During the mediation, the parties settled this matter for $1,400,000.00.  The parties continued to negotiate the specific terms and logistical details of settlement over the next two months and reached the Settlement Agreement presently before the Court after significant negotiation.  The Settlement Agreement went through multiple drafts and is extensively detailed.  It was approved by the Whitefish City Council at its August 5, 2024 meeting and the public was afforded the opportunity to provide comment on such approval during the meeting's public comment period.  Accordingly, the Court can be assured that this proposed settlement is the product of serious, informed, non-collusive negotiations.

### 2. Obvious Deficiencies

In detail, the Settlement Agreement: (1) sets forth how each Settlement Class Member will receive payment from the settlement fund and how payment amounts

will be calculated; (2) sets forth the amounts to be requested in service awards for Class Representatives and attorneys' fees, costs, and expenses for Class Counsel; (3) states the liability release that Settlement Class Members will be bound by as to claims against the City and/or FCS Group; and (4) provides for a notice and objection procedure by which Settlement Class Members can state any objections they may have and appear at the final settlement fairness hearing.  There are no obvious deficiencies in the proposed settlement.

### 3. Preferential Treatment

The proposed distribution of the settlement fund does not grant undue preferential treatment to any Settlement Class Members.  As proposed, the settlement fund will generally be disbursed as follows:

    a.    A portion of the fund will first be disbursed or set aside to cover Class Representative service awards and Class Counsel's fees and costs.

    b.    A fixture count rebate will then be calculated for any Settlement Class Member with a development project that had been affected by a specific, admitted error in the way the City counted fixture units assigned to single-head standalone showers during the development permitting process.  These rebates will also be set aside from the rest of the settlement fund.

    c.    A pro-rata share of the remaining funds will then be calculated for each Class Member based upon the amount each Settlement Class Member paid the City in water and wastewater impact fees.

      d.      Settlement payment checks will be issued to each Settlement Class Member and delivered to their last known mailing address via United States mail. Check amounts will reflect the sum of the Settlement Class Member's fixture count rebate, if any, and the Settlement Class Member's pro-rata share of the settlement fund.

Under this proposal, every Settlement Class Member will receive payment. While the amounts will vary as to what each Settlement Class Member receives, these variations are simply based on whether the Settlement Class Member had any development projects affected by the single-head, standalone shower fixture unit issue that has already been publicly acknowledged by the City, (Doc. 23 at ¶ 25; Doc. 75-11; Doc. 81-5), and how much the Class Member ultimately paid in water/wastewater impact fees. Because these factors and the requested service award and attorneys' fee amounts are already known, payment amounts have been reasonably estimated for each Settlement Class Member. These estimates are provided to the Court as Exhibit B to Plaintiffs' Unopposed Motion for Preliminary Settlement Approval.

     Additionally, while Plaintiffs are requesting service awards for their time, efforts, and other contributions in litigating this action as Class Representatives, the Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable. *See Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003) (providing examples of approved service awards and amounts). The Class Representatives spent numerous

hours preparing discovery responses, being deposed, attending the mediation, and otherwise assisting Class Counsel in prosecution of the case. They personally incurred travel and other expenses in the discovery process. The award amounts requested—$3,500.00 per Class Representative—are well within the range of past service awards deemed appropriate by the Ninth Circuit. *Id.* Other than the additional service awards, the Class Representatives' payments from the settlement fund are calculated in the same manner as all the other Settlement Class Members. Accordingly, the settlement will not result in any undue preferential treatment to any Settlement Class Member.

### 4. Within the Range of Possible Approval

"To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer." *Burton*, 2015 WL 11090362, at *3 (quoting *Nen Thio*, 14 F. Supp. 3d at 1335). "[T]he Court may [also] preview the factors that ultimately inform final approval." *Id.* (quoting *G.F. v. Contra Costa Cty.*, No. 13-CV-03667-MEJ, 2015 WL 4606078, at *9 (N.D. Cal. July 30, 2015)). These are:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of future litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of proceedings; (6) the experience and views of counsel; (7) the presence

of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The proposed settlement provides for a fair and adequate recovery to the Settlement Class. As indicated by the several pending summary judgment/other motions and extensive briefing thereon, there remain several complex legal and factual questions in this action that are highly contested. While Class Counsel is prepared and well-equipped to litigate this action to final resolution, with the high probability of a lengthy and expensive trial and a prospective appeal considering the numerous complex and novel issues presented, the settlement provides substantial compensation to the Settlement Class which would be unavailable if Plaintiffs lost or were even only partially successful. It certainly avoids further expense and delay in obtaining recovery for the Settlement Class Members. In the view of Class Counsel, with highly experienced litigators at both firms, the settlement represents a very fair result on behalf of the Settlement Class. The settlement amount was agreed to by all parties—including the City, a governmental participant—upon the recommendation of Judge Johnston, an experienced mediator, judge, and lawyer, who was thoroughly apprised of the attendant circumstances of the action and the parties' positions.

**C.     Class Notice**

The initial class notice, sent out in January 2024, included all information

required by Rule 23(c)(2)(B). (Doc. 127-3). Upon preliminary approval of the proposed settlement, another round of notice, "Settlement Notice," will take place which will: (1) notify Settlement Class Members that the Settlement Agreement has been reached by the parties and proposed to the Court; (2) provide a brief recap of the nature of this class action and the procedural background; (3) set forth, clearly and concisely in plain language, the key terms of the Settlement Agreement, including how settlement payments will be calculated, the scope of the liability release that Settlement Class Members would be subject to, and the amounts being requested in service awards and attorneys' fees/costs; (4) inform Settlement Class Members of their options and legal rights with respect to the proposed settlement, including how they may object to the proposal and voice their objection with the Court at a final fairness hearing; (5) inform Settlement Class Members that they will receive payment upon final approval of the settlement, outline the procedure Class Counsel will follow in administering payments, and state that any unrealized payment will ultimately revert to the Montana Justice Foundation as a *cy pres* award; and (6) include the website and contact information of Class Counsel whereby Settlement Class Members can ask questions and obtain more information about the settlement and this action.

    A Settlement Notice letter with an objection form template is provided to the Court within Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Settlement

Approval. The Settlement Notice proposed by the parties will be sent to the last known mailing and email addresses of Settlement Class Members by United States mail and electronic mail within thirty (30) days of the Court's preliminary approval of the settlement. Settlement Class Members will have forty (40) days from the notice deadline to submit objections to the settlement which will be presented to the Court in advance of the final fairness hearing. The final fairness hearing, at which objecting Settlement Class Members will have an opportunity to appear, will occur after the objection deadline.

While this Settlement Notice process does not provide Settlement Class Members an additional opportunity to request exclusion from this action, the Ninth Circuit recognizes that second opt-out opportunities are "unusual" and not required by due process. *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121-22 (9th Cir. 2018). At the initial notice stage, Settlement Class Members were adequately informed of the binding effect of a class judgment on members if they did not opt out—if a settlement agreement had not been reached in advance of a Court ruling on the pending summary judgment motions or trial, any resultant outcome would have bound these Settlement Class Members all the same. At this stage, as required by Rule 23(e)(5), Settlement Class Members are being afforded a full and fair opportunity to state any objections they may have to the proposed Settlement Agreement, which properly satisfies Rule 23 and due process requirements.

Accordingly, the parties' proposed Settlement Notice procedures are appropriate and fair to the Settlement Class Members.

### D.  Settlement Administrator

The parties propose that Class Counsel serve as the settlement administrator to minimize costs that would otherwise be paid to a third-party administrator out of the settlement fund and very likely decrease the payment amounts available to Settlement Class Members. Reasonable means are available to Class Counsel to direct individual notice of the proposed settlement to Settlement Class Members, maintain and administer the settlement fund on behalf of the Settlement Class, and issue payments to each Settlement Class Member. Class Counsel successfully accomplished dissemination of the initial class notice, maintains a list of last known mailing addresses, email addresses, and phone numbers for Settlement Class Members, still maintains the Class website at https://montanaimpactfeeclassaction.com/, and has already calculated estimates of each Settlement Class Member's payment distribution from the settlement fund. Accordingly, Class Counsel is in the best position to administer the settlement, subject to the Court's supervision.

## CONCLUSION

The proposed Settlement Class and Settlement Notice procedures meet all the requirements of Rule 23 and satisfy due process. The Settlement Agreement

between the parties is fair—it: (1) is the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.  Class Counsel is well-equipped to accomplish Settlement Notice and administer the settlement fund on behalf of the Settlement Class Members.  Accordingly, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) direct notice to the Settlement Class through Class Counsel and the Settlement Notice procedures described herein and set forth in the Settlement Agreement; and (3) set a final fairness hearing at least eighty (80) days from preliminary approval of the Settlement Agreement.

DATED this 9th day of August, 2024.

LAIRD COWLEY, PLLC

By: /s/ Cory R. Laird
Attorneys for Plaintiffs and
Putative Class

KOVACICH SNIPES JOHNSON PC

By: /s/ Mark M. Kovacich
Attorneys for Plaintiffs and
Putative Class