IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFF BECK, individually; AMY WEINBERG, individually; ZAC WEINBERG, individually; ALTA VIEWS, LLC, individually; and on behalf of a class of similarly situated persons and entities,<br><br>  Plaintiffs,<br><br> vs.<br><br>CITY OF WHITEFISH, a Montana municipality, and DOES 1-10,<br><br>  Defendants. | CV-2022-44-M-KLD<br><br>ORDER |
| CITY OF WHITEFISH, a Montana municipality,<br><br>  Third-Party Plaintiff,<br><br> vs.<br><br>FINANCIAL CONSULTING SOLUTIONS GROUP, INC.,<br><br>  Third-Party Defendant. | |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Settlement Approval (Doc. 213). Through their Motion, Plaintiffs seek preliminary approval[1] under Federal Rule of Civil Procedure 23 of the settlement reached in the above-captioned matter, the complete terms of which are set forth in the executed Settlement Agreement and Release (the "Settlement Agreement") attached to

1

Plaintiffs' Motion (Doc. 213-1).  Defendant/Third-Party Plaintiff City of Whitefish (the "City") and Third-Party Defendant Financial Consulting Solutions Group, Inc. ("FCS Group") are parties to the Settlement Agreement and do not object to this Motion.

The Court has read and considered the Settlement Agreement and the exhibits thereto, has read and considered all other papers filed and proceedings conducted herein, and is otherwise fully informed.

Accordingly,

IT IS ORDERED:

1. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs, all Settlement Class Members, the City, and FCS Group.

3. The Court preliminarily approves the Settlement Agreement, and preliminarily finds the Settlement to be fair, reasonable, and adequate for the Settlement Class.  Such finding is not to be deemed an admission of liability or fault by the City, FCS Group, or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law.  Neither the Settlement Agreement, nor any of its terms or provisions, nor any of

the negotiations or proceedings connected with it, shall be construed as an admission or concession by the City or FCS Group of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the City or FCS Group, except that the City or FCS Group may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4.   The Court approves, as to form and content, the Notice to be provided to Settlement Class Members in the processes and procedures set forth in the Settlement Agreement.

5.   All dates that are set forth in or that otherwise flow from the Preliminary Approval Order shall be added to the Notice before it is mailed to Settlement Class Members.

6.   The Court finds the Notice constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who can be identified through reasonable effort and constitutes valid and sufficient notice to all entitled thereto, complying fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

7.   The Class Notice procedure shall be as set forth below and in the

Settlement Agreement.

    a.    Notice of the pendency of the Settlement shall be sent via U.S. first class mailing and electronic mail by Class Counsel to the last known mailing and email addresses of Settlement Class Members.

    b.    Within thirty (30) days of this Order, Class Counsel shall cause copies of the "Notice of Proposed Class Action Settlement" and "Settlement Objection Form" to be mailed to all Settlement Class Members in accordance with Part IV of the Agreement.

    c.    All costs and expenses incurred in providing Notice to Settlement Class Members and in administering the Settlement shall be paid from the Settlement Fund as set forth in the Settlement Agreement. Prior to the Final Approval Hearing, Class Counsel shall file with the Court a declaration that attests to compliance with the Notice requirements described above and in the Settlement Agreement and identifies each Settlement Class Member who timely and properly submitted an objection.

    d.    The City and FCS Group will have absolutely no responsibility for any act or failure to act by Class Counsel in their role as Settlement Administrator.

8.    If finally approved, the Settlement Agreement provides for payments to Settlement Class Members and sets forth how payments will be determined and

disbursed. Recovery in the form of these payments is for settlement purposes only, and nothing in the Settlement Agreement or the Notice imposes any obligation on the Parties to compensate past or future claimants for damages outside of the Settlement Agreement or is otherwise an admission by the City or FCS Group that the claims asserted in this Action are compensable.

9. Consistent with the Settlement Agreement, the Court conditionally approves the following Settlement Class: All persons and entities (and their heirs, executors, administrators, successors, and assigns) identified from impact fee and property records as comprising the class defined in the Court's September 29, 2023 certification order who were notified, either directly or by publication, in January 2024 of this class action and their opportunity to be excluded from it and did not request exclusion during the notice and opt-out period afforded them. Excluded from the Class is: any judge presiding over this Action and members of their direct family.

10. If final approval of the Proposed Settlement is not obtained, this Order shall be vacated and of no further force or effect.

11. The Court approves Class Counsel to serve as the Settlement Administrator.

12. Settlement Class Members who wish to comment on or object to the Settlement must do so in accordance with the instructions contained in the

Settlement Agreement and Notice.  Class Counsel shall provide the Court with all objections timely and properly submitted for consideration.  All Settlement Class Members shall be bound by any final judgment and order of dismissal entered pursuant to the Settlement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims against any and all of the Released Persons, and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims.

13. A hearing shall be held on **November 19, 2024, at 10:30 a.m.,** before the Honorable Kathleen L. DeSoto, at the Russell Smith Courthouse, 201 E. Broadway, Missoula, MT 59802, for the purpose of determining: (a) whether the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether a Final Judgment, granting final approval of the Settlement and dismissing the Action with prejudice should be entered; (c) whether the Class Representatives should receive service awards and in what amount; (d) whether Class Counsel should receive fees and costs and in what amount; and (e) such other matters as the Settlement Agreement and/or Federal Rule of Civil Procedure 23 contemplate and as the Court may deem just and proper.

14. Any application by Class Counsel for Attorneys' Fees and Costs, and all papers in support thereof, and any application for Class Representative service

6

awards, shall be filed with the Court at least (21) days prior to the Objection Deadline.

15. All other papers in support of the Settlement or responding to objections or motions to intervene shall be filed prior to the Final Approval Hearing.

16. Any Settlement Class Member may appear and endeavor to show cause, if any, why the Court should not: (a) approve the proposed Settlement as set forth in the Agreement as fair, reasonable and adequate; (b) provide for a Class Representative service awards; (c) provide for a fee and expense award to Class Counsel; and (d) enter the Final Judgment finally approving the Settlement. However, no person shall be heard or entitled to contest the foregoing matters unless, no later than seventy (70) days following the date of issuance of this Preliminary Approval Order, that person has timely and properly submitted a written objection to Class Counsel which includes: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney)

intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. Objection submission may be accomplished by completely filling out the Settlement Objection Form provided with the Notice to Settlement Class Members. Any person intending to further state their objection by appearing at the Final Approval Hearing must indicate so on their Settlement Objection Form Submission. If a person intends to appear at the Final Approval Hearing through their attorney, the attorney must also file a notice of intent to appear with the Court.

17. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

18. The Court may adjourn the Final Approval Hearing from time to time and without further notice to the Settlement Class Members. The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may lawfully be consented to by the Parties and without further notice to the Settlement Class Members. The Court further reserves the right to enter a Final Judgment, dismissing the Action with prejudice as to the City and FCS Group and against the Named Plaintiffs and the Settlement Class Members at or after the final settlement hearing and without further notice to the Settlement

Class Members.

19.     This Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

20.     Pending final determination as to whether the Settlement, as set forth in the Settlement Agreement, should be approved, no Settlement Class Member shall commence, prosecute, pursue, or litigate any Released Claims against the Parties, whether directly, representatively, or in any capacity, and regardless of whether or not any such Settlement Class Member has appeared in the action.

DATED this 16th day of August, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge