IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFF BECK, individually; AMY WEINBERG, individually; ZAC WEINBERG, individually; ALTA VIEWS, LLC, individually; and on behalf of a class of similarly situated persons and entities,<br><br>   Plaintiffs,<br><br> vs.<br><br>CITY OF WHITEFISH, a Montana municipality, and DOES 1-10,<br><br>   Defendants. | CV-2022-44-M-KLD<br><br>ORDER |
| CITY OF WHITEFISH, a Montana municipality,<br><br>   Third-Party Plaintiff,<br><br> vs.<br><br>FINANCIAL CONSULTING SOLUTIONS GROUP, INC.,<br><br>   Third-Party Defendant. | |

Before the Court is Plaintiffs' Unopposed Motion for Final Settlement Approval (Doc. 221). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily approved the class Settlement Agreement and Release ("Settlement Agreement" or "Agreement") reached by and between the parties (Doc.

213-1) on August 16, 2024. (Doc. 218). This Order incorporates by reference the defined terms of the Settlement Agreement.

## DISCUSSION

Since preliminary approval of the Settlement Agreement, Class Counsel has completed the Notice process and submitted their Fee Application (Doc. 219). Settlement Class Members were notified of the pending Settlement and Class Counsel's request for attorneys' fees and costs, and no objections to the Settlement Agreement were submitted. (Doc. 220 at 5). Now, Plaintiffs, with approval from the other parties, request that the Court: (1) grant final certification of the Settlement Class; (2) finally approve the Settlement Agreement as fair, reasonable, and adequate; (3) rule that the Notice process was reasonable and the best practicable under the circumstances; and (4) award from the Settlement Fund attorneys' fees and costs and class representative Service Award Payments. A Final Approval Hearing, with counsel for all parties appearing, was held before the Court on November 19, 2024. For the reasons stated below, the Plaintiffs' Motion is granted.

1.  **Final Class Certification**

On September 29, 2023, upon analysis of Plaintiffs' Motion for Class Certification (Doc. 39) and the requirements of Rule 23(a) and (b)(3), the Court certified a class in this Action defined as: "All persons or entities who bore the cost of impact fees for water and wastewater services to the City of Whitefish from

January 1, 2019 to the present." (Doc. 121 at 48). In the Court's Preliminary Approval Order, consistent with the Settlement Agreement, the Court preliminarily certified a Settlement Class comprising all persons and entities meeting the original class definition who did not request exclusion from this Action during the opt-out period. (Doc 218 at 5). No circumstances have since arisen that justify altering the Settlement Class. Accordingly, final certification of the Settlement Class, for settlement purposes, is warranted under Rule 23(a) and (b)(3).

**2.    Final Approval of the Settlement Agreement**

Rule 23(e) requires court approval of any class settlement. Here, the Court must determine whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). At the final approval stage, the factors to be considered in making an approval determination include:

> [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012).

The Settlement Agreement is fair, reasonable, and adequate. As indicated by the several pending summary judgment and other motions—and the extensive briefing thereon—when the Settlement Agreement was reached, there remained

several contested complex legal and factual questions in this Action. With the prospect of a lengthy trial and potential appeal, the Settlement provides substantial compensation to the Settlement Class which would be unavailable if Plaintiffs ultimately lost or were only partially successful. The Settlement avoids further delay and expense in obtaining recovery for the Settlement Class Members. The Settlement amount was recommended by United States Magistrate Judge John T. Johnston, an experienced judge and attorney who acted as mediator in this Action. Class Counsel, with experienced litigators at both firms, state that, in their view, the Settlement represents "a very fair result on behalf of the Settlement Class." (Doc. 214 at 10). The City of Whitefish, a party to this Action and the Settlement Agreement, is a governmental participant. Most importantly, no Settlement Class Members objected to the Settlement during the objection period.

3. **Notice**

Class members are to receive "the best notice that is practicable under the circumstances," and a court must direct notice "in a reasonable matter." Fed. R. Civ. P. 23(c)(2)(B), (e)(1)(B). Class Counsel represents that they complied with the Notice procedure set forth in the Settlement Agreement and the Court's Preliminary Approval Order. (Doc. 220 at 5). Notice of the pendency of the Settlement was sent via first class mail and electronic mail to the last known mailing and email addresses of the Settlement Class Members, meaning individual notice was provided to all

Settlement Class Members identified through reasonable effort. Consistent with the findings of the Court's Preliminary Approval Order, Notice to the Settlement Class was reasonable and the best practicable under the circumstances. (Doc. 218 at 3-4).

**4.    Assessment of Fees, Costs, and Service Awards**

    **A.    Attorneys' Fees and Costs**

Attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). Under the "common fund" doctrine, "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "Under regular common fund procedure, the parties settle for the total amount of the common fund and shift the fund to the court's supervision." *Staton*, 327 F.3d at 969. "The plaintiffs' lawyers then apply to the court for a fee award from the fund." *Id.*

Here, the Settlement represents a common-fund recovery on behalf of the Settlement Class. Of the $1,400,000.00 Settlement Fund, Class Counsel requests an attorneys' fee award of $466,666.67, which represents one-third (approximately 33%) of recovery, as well as reimbursement of up to $175,000.00 in costs, which

includes administration costs. (Doc. 219 at 3). Class Counsel filed a memorandum in support of this request which satisfies the Court that the requested fees and costs are reasonable and appropriate. (Doc. 219 at 4-15).

### i. Percentage-of-Recovery Reasonableness

"Because the benefit to the class is easily-quantified in common fund settlements," courts may "award attorneys a percentage of the common fund." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Courts typically calculate 25% of the fund as the "benchmark" for a reasonable percentage-of-recovery award, however, this benchmark rate, "although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002). "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id.* In *Vizcaino*, the Ninth Circuit analyzed several non-exhaustive factors courts may consider in assessing a request for attorneys' fees calculated using the percentage-of-recovery method. 290 F.3d at 1047-50. These factors include the extent to which class counsel "achieved exceptional results for the class," the risks undertaken by class counsel in litigating the action, whether counsel's performance "generated benefits beyond the cash settlement fund," the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis. *Id.*

6

This Court has previously approved an attorneys' fee award of one-third of recovery, considering circumstances such as "the extraordinary results achieved on behalf of the Settlement Class, the risk to the Settlement Class of continued litigation, the skill and expertise demonstrated by Class Counsel, and . . . the absence of any objection after notice." *Hageman v. AT & T Mobility LLC*, No. CV-13-50-BLG-RWA, 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015).  Here, the Court finds that Class Counsel faced significant risk and carried burden in litigating this Action on a contingency basis.  The Settlement reflects an extraordinary result achieved through Class Counsel's skilled advocacy and dedication to achieving fairness for the Settlement Class, despite the complex and novel issues involved.  With the prospect of a lengthy trial and potential appeal, the Settlement provides substantial compensation to the Settlement Class which would be unavailable if Plaintiffs ultimately lost or were only partially successful.  Importantly, with Notice, Class Counsel provided each Settlement Class Member an estimate of their potential recovery if the requested fees, service awards, and the absolute maximum in costs requested were to be deducted from the Settlement Fund.  No Settlement Class Member objected.

      ii.    **Lodestar Method Cross-Check**

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award."

*Vizcaino*, 290 F.3d at 1050. District courts have the discretion to, and usually do, "apply a risk multiplier when using the lodestar approach." *Stanton*, 327 F.3d at 967. "A 'multiplier' is a number, such as 1.5 or 2, by which the base lodestar figure is multiplied in order to increase (or decrease) the award of attorneys' fees on the basis of such factors as the risk involved and the length of the proceedings." *Id.* at 968. "Foremost among these considerations [in applying a multiplier] is the benefit obtained for the class." *In re Bluetooth*, 654 at 942. Also, courts have "routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

Class Counsel represents they have invested 199.5 hours of partner attorney time, 854.3 hours of associate attorney time, and 359.4 hours of legal intern/staff time into this case. (Doc. 219-1). Class Counsel also represents that the law firm of Laird Cowley, PLLC typically performs billable work at rates of $325.00/hour for partner attorney time, $275.00/hour for associate attorney time, and $150.00/hour for legal intern/staff time. (Doc. 219 at 14). The Court is satisfied that these rates are commensurate with a reasonable hourly rate for the region and for the experience of the lawyers and staff. At these rates, Class Counsel's lodestar totals $353,680.00 and their $466,666.67 fee request results in a +1.32 multiplier of the lodestar fee. This multiplier is less than the "1.5 to 2" multiplier suggested in *Staton*, 327 F.3d at 968, and is within the range of multipliers of common fund cases surveyed by the

Ninth Circuit and listed in the appendix to the *Vizcaino* decision, 290 F.3d at 1052. A 1.32 multiplier appropriately reflects the benefit obtained on behalf of the Settlement Class and the risk Class Counsel faced of non-payment, confirming Class Counsel's fee request is fair and reasonable.

### B. Class Representative Service Awards

The Ninth Circuit recognizes service awards for representative plaintiffs in a class action are permissible. *See Staton*, 327 F.3d at 976-77 (providing examples of approved service awards and amounts). Past service awards of $5,000.00 per class representative have been approved at the Ninth Circuit. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 214 F.3d 454, 463 (9th Cir. 2000). Here, Class Counsel requests $3,500.00 in Service Award Payments to each of the Named Plaintiffs in this Action, a total of $14,000.00.

The Court finds these Service Award Payments fair and reasonable to compensate the Named Plaintiffs for their time, efforts, and other contributions in litigating and resolving this Action on behalf of the Settlement Class. Class Counsel represents that the Named Plaintiffs spent numerous hours preparing discovery responses, being deposed, attending mediation, and otherwise assisting Class Counsel in litigating this case on behalf of a class of several hundred members. (Doc. 219 at 16). Each Named Plaintiff personally incurred travel and other

expenses as part of the discovery process. (Doc. 219 at 16). Importantly, no Settlement Class Member objected to the requested Service Award Payments.

## ORDER

On November 18, 2024, the matter of the Court's final approval of the Settlement Agreement came before the Court for consideration by Plaintiffs' Motion for Final Settlement Approval. A hearing was held on November 19, 2024, with counsel for each party to this Action appearing.

WHEREAS, Named Plaintiffs/Class Representatives, Jeff Beck, Amy Weinberg, Zac Weinberg, and Alta Views, LLC; Defendant/Third-Party Plaintiff City of Whitefish (the "City"); and Third-Party Defendant Financial Consulting Solutions Group, Inc. ("FCS Group") executed a Settlement Agreement and Release and fully submitted the Agreement to the Court on August 15, 2024; and

WHEREAS, all capitalized terms used herein shall carry the same meaning as set forth in the Settlement Agreement which are hereby incorporated as defined terms by reference; and

WHEREAS, the Court, on August 16, 2024, entered the Preliminary Approval Order, preliminarily approving the Settlement Agreement in accordance with Federal Rule of Civil Procedure 23; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that the Notice process described in the Settlement Agreement be implemented and

scheduled a hearing to be held on November 19, 2024, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate; and

WHEREAS, Class Counsel satisfactorily demonstrated to the Court that the Notice process was followed; and

WHEREAS, pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, Class Counsel submitted their Fee Application and a memorandum in support to the Court on October 4, 2024; and

WHEREAS, Plaintiffs filed the present Motion for Final Settlement Approval on November 18, 2024; and

WHEREAS, a Final Approval Hearing was held on November 19, 2024, at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having reviewed and considered the Settlement Agreement and the exhibits thereto, having reviewed and considered Class Counsel's Fee Application and memorandum in support, having conducted the Final Approval Hearing, having reviewed and considered all other papers filed and proceedings conducted herein, and otherwise being fully informed, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that the City charged and collected unlawful water and wastewater impact fees from developing property owners over the period of January 1, 2019 to December 31, 2023.

2. Consistent with the Settlement Agreement, as part of the Preliminary Approval Order, the Court conditionally certified the Settlement Class as:

> All persons and entities (and their heirs, executors, administrators, successors and assigns) identified from impact fee and property records as comprising the class defined in the Court's September 29, 2023 certification order who were notified, either directly or by publication, in January 2024 of this class action and their opportunity to be excluded from it and did not request exclusion during the notice and opt-out period afforded them.
>
> Excluded from the Class is: any judge presiding over this Action and members of their direct family.

3. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Approval Order and Judgment.

4. The Court finally certifies the Settlement Class in this Action, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3), and, in doing so, finds that, consistent with its September 29, 2023 Order, the requirements for maintaining a class action have been met.

5. Class Counsel confirmed to the Court that they complied with the Notice process described in the Settlement Agreement and Preliminary Approval Order. The Court hereby finds that Notice pursuant to the Agreement and Preliminary Approval Order constituted valid, due, and sufficient notice to the

Settlement Class and was the best method of notice practicable under the circumstances.

6. The Court hereby finds that final approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

7. The Court hereby finds that the Named Plaintiffs and Class Counsel have adequately represented the Settlement Class and that the Settlement Agreement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

8. The Court hereby finds that the Settlement treats the Settlement Class Members equitably relative to each other, and that relief will be effectively distributed to each Settlement Class Member.

9. The Court hereby finds that the Settlement Class, in being informed through Notice of the amount of attorneys' fees, costs, and Service Award Payments requested by Class Counsel and having the ability to review Class Counsel's Fee Application prior to the Objection Deadline, received reasonable notice of Class Counsel's request of a Fee Award and Costs.

10. The Court hereby finds that Class Counsel's request for attorneys' fees and costs and Service Award Payments on behalf of the Named Plaintiffs is fair and reasonable.

11. The Court recognizes that no Settlement Class Member objected to the Settlement of Class Counsel's Fee Application.

NOW, THEREFORE, WITH GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

12. The Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including the Named Plaintiffs, all Settlement Class Members, the City, and FCS Group.

13. The Parties and the Settlement Class are bound by this Final Approval Order and Judgment.

14. It is hereby adjudged that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all Settlement Class Members. This Court hereby finds that the Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

15. All provisions and terms of the Settlement Agreement are hereby adjudged to be fair, reasonable, and adequate as to the Settlement Class and all provisions and terms of the Agreement are hereby finally approved in all respects.

16. This Final Approval Order is not to be deemed a finding of the validity of any claims asserted in the Action, of any wrongdoing, or of any violation of law. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the City or FCS Group of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the City or FCS Group, except that the City or FCS Group may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The Parties are hereby directed to consummate the Settlement in accordance with the Agreement's terms and conditions.

18. The Court has considered Class Counsel's request for Service Award Payments in the amount of $3,500.00 to be made to each Named Plaintiff. The Court hereby approves this request as fair and reasonable and awards $3,500.00 to Named Plaintiffs/class representatives Jeff Beck, Amy Weinberg, Zac Weinberg, and Alta Views, LLC, to be paid out of the Settlement Fund.

19. The Court has considered Class Counsel's request for a Fee Award and Costs in the amount of $466,666.67, representing one-third (approximately 33%) of

the Settlement Fund, plus actual costs of litigation not to exceed $175,000.00. The Court hereby approves this request as fair and reasonable and awards $466,666.67 in fees and up to $175,000.00 in reimbursement of actual costs to Class Counsel, to be paid out of the Settlement Fund.

20. Following the Effective Date, Class Counsel is hereby directed to initiate and complete issuance and distribution of Settlement Payments to Settlement Class Members in accordance with Part III of the Settlement Agreement. Pursuant to the Settlement Agreement, the Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Agreement.

21. By operation of the entry of this Final Approval Order and Judgment, the Court hereby dismisses the claims asserted against any Party in this Action with prejudice and without leave to amend and enters judgment in accordance with the terms of the Settlement Agreement. All Settlement Class Members, including the Named Plaintiffs, are hereby enjoined from commencing, prosecuting, pursuing, or litigating any Released Claims against the Parties, whether directly, representatively, or in any capacity, and regardless of whether or not any such Settlement Class Member has appeared in the action. No person shall have any claim against any of the Parties, their attorneys of record, any Settlement Class Member, Class Counsel,

or the Settlement Administrator based on distributions or payments made in accordance with the Settlement Agreement.

22. Once all obligations in the Settlement Agreement have been satisfied, the Parties are hereby directed to file a satisfaction of judgment with the Court.

23. This Final Approval Order and Judgment is a final order in the Action within the meaning and for the purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among the Parties.  There is no just reason to delay its enforcement or appeal.

DATED this _____ day of _____, 202\_\_\_.

_____
Kathleen L. DeSoto
United States Magistrate Judge